# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

JEFF MARICLE,                        )
                                     )
              Petitioner,            )
                                     )
vs.                                  )   Case No. CIV-07-717-HE
                                     )
BRUCE HOWARD, Warden,                )
                                     )
              Respondent.            )

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. §2254, seeking a writ of habeas corpus. Pursuant to an order entered by United States District Judge Joe Heaton, this matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition was promptly examined and because the petition appeared to be untimely, Petitioner was ordered to show cause why the petition should not be dismissed. [Doc. No. 10]. Petitioner has responded [Doc. No. 12, hereinafter "Petitioner's Response"] and for the reasons set forth hereafter, it is recommended that the petition be dismissed as untimely under 28 U.S.C. § 2244(d)(1)(A).

According to Petitioner, he was convicted on June 6, 2002, in Cleveland County District Court, Case No. CF-2001-1162, following his pleas of guilty to two counts of first degree manslaughter. Petition at 1. Petitioner was sentenced to forty-five years on each count with all but twenty years suspended, with the counts to run concurrently. *Id.* at 2 and Attachment 1 (*Maricle v. State*, Case No. PC-2007-247, Oklahoma Court of Criminal Appeals Order Denying Post-Conviction Relief, dated May 9, 2007). Under

Oklahoma law, in order to appeal from a conviction on a plea of guilty, a defendant must move to withdraw his plea within ten days of the pronouncement of the judgment and sentence. *See* Rule 4.2, Rules of the Oklahoma Court of Criminal Appeals, Okla. Stat. tit. 22, Ch. 18 App. Petitioner failed to file a timely motion to withdraw his guilty pleas. Rather, he first challenged his convictions on November 2, 2006, when he filed an application for post-conviction relief in the trial court, seeking to withdraw his guilty pleas. Petition at 3 and Attachment 1. That application was denied on January 16, 2007, and the denial was affirmed by the Oklahoma Court of Criminal Appeals (OCCA) on May 9, 2007.[1] *Id.*

Petitioner raises two grounds for habeas relief. In Ground One, he claims that his trial counsel was ineffective, and in Ground Two, he claims that he was denied his right to a "fast and speedy trial." Petition at unnumbered pages between pages 5 and 6.

## I. SCREENING REQUIREMENT

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." It is appropriate for the Court to raise the issue of timeliness of a habeas petition *sua* sponte under Rule 4. *Day v. McDonough*, 547 U.S. 198, 209 (2006)("(D)istrict courts are permitted, but not obliged, to consider, *sua* sponte, the timeliness of a state prisoner's habeas petition."). Petitioner has been given an

---

[1] The OCCA order states that Petitioner's motion to withdraw his guilty plea was denied by the district court on February 21, 2007, based on that court's finding that Petitioner acknowledged having been advised of his right to appeal, but had failed to do so, and that the request to withdraw his plea was untimely. Petition, Attachment 1.

opportunity and did respond to the issue of whether his petition has been timely filed; moreover, he will have a further opportunity to be heard on the matter by filing an objection to this Report and Recommendation. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. 1994) (unpublished)(finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to its adoption) (citing *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir. 1992)).[2]

## II. THE APPLICABLE LIMITATION PERIOD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which took effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[2]This and any other unpublished dispositions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

28 U.S.C. § 2244(d)(1)(A)-(D). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided set forth in § 2244(d)(1)(A), unless a petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above. *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not provided the Court with any basis to apply the provisions of § 2244(d)(1)(B), (C), or (D); therefore, the undersigned has considered the timeliness of the petitioner under § 2244(d)(1)(A).

Under § 2244(d)(1)(A), Petitioner's action is untimely. Petitioner entered his pleas of guilty and was sentenced on June 6, 2002. Petition at 1. He states that he did not seek a timely appeal. Petition at 2. Thus, Petitioner's convictions became final on June 16, 2002. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding Petitioner's convictions pursuant to the entry of guilty pleas were final ten days after entry of judgment and sentence where petitioner failed to appeal such convictions, citing OCCA Rule 4.2). Therefore, Petitioner had until June 16, 2003, to file his federal habeas action. *Malone v. State*, Nos. 03-6246, 03-6175, 2004 WL 1239850, at *1 (10th Cir. June 8, 2004) (unpublished) (the one year limitation period should be calculated using anniversary date method) (citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). Because this action was not filed until June 28, 2007, in the absence of tolling, it is clearly untimely.

### III. STATUTORY TOLLING

In calculating the limitation period for actions under 28 U.S.C. § 2254, the time during which a "properly filed application for State post-conviction or other collateral

review" of the relevant claim is pending is not counted. 28 U.S.C. § 2244 (d)(2); *see also Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998). However, Petitioner is not entitled to tolling based on his application for post-conviction relief because such application was not filed until well after the limitation period had already expired.[3] *See e.g., Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."), *cert. denied*, 127 S.Ct. 3007 (June 25, 2007). Therefore, statutory tolling is unavailable to Petitioner.

### IV. EQUITABLE TOLLING

The limitation period may also be subject to equitable tolling "'in rare and exceptional' circumstances." *Burger v. Scott*, 317 F. 3d 1133, 1141 (10th Cir. 2003) (citing *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).[4] One such circumstance may exist when a person who is actually innocent is incarcerated. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (citing *Schlup v. Delo*, 513 U.S. 298, 324-29 (1995) (suggesting actual innocence is a "rare and exceptional circumstance[ ]" for which the AEDPA statue of limitations may be tolled); *Gibson*, 232 F.3d at 808 (citing *Miller*, 141 F.3d at 978)

---

[3] Petitioner's application for post-conviction relief was not filed until November 2, 2006, long after the June 16, 2003, deadline for filing his federal habeas petition. Petition at 3.

[4] The Supreme Court has not specifically decided the issue of whether equitable tolling applies to time limits for the filing of federal habeas petitions by state prisoners but has assumed arguendo that equitable tolling is available. *See Lawrence v. Florida*, __U.S.__, 127 S.Ct. 1079, 1085 (2007). In *Lawrence*, the Court referred to the standards for equitable tolling articulated in *Pace v. DiGuglielmo*, 544 U.S. 408, 418, (2005): a petitioner must show that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from making a timely filing. *Lawrence*, 127 S.Ct. at 1085.

("Equitable tolling would be appropriate, for example, when a prisoner is actually innocent . . . ."). But equitable tolling is "only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). *See also Clark v. Oklahoma*, 468 F.3d at 714 (equitable tolling does not apply unless a petitioner shows both extraordinary circumstances preventing timeliness and diligent pursuit of his claim). The burden is on a petitioner to demonstrate the circumstances that justify equitable tolling. *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998). As discussed hereafter, Petitioner has failed to meet his burden under these requirements.

In response to this Court's show cause order, Petitioner states that "he has made a diligent effort of litigating this cause, he has claimed actual and factual evidence (sic), he has claimed ineffective assistance of counsel, that no evidence exists in which a reasonable jury would reach a finding of guilt if all the facts were presented to them." *Id.* at p. 1. Petitioner further asserts that because he has "demonstrated extraordinary grounds for review," the "ends of justice" would be served by applying equitable tolling principles in his case. Petitioner's Response at p. 2 (citing *Kuhlmann v. Wilson*, 477 U.S. 436 (1986); *Murray v. Carrier*, 477 U.S. 478 (1986); and *Schlup v. Delo*, 513 U.S. 298 (1995)).

Petitioner has not presented reliable evidence of his actual innocence to justify equitably tolling the limitations period. The actual innocence exception was developed to prevent "fundamental miscarriage[s] of justice" with respect to judicially-recognized

restrictions placed on a habeas petitioner's ability to file successive or procedurally defaulted federal habeas petitions. *See Schlup v. Delo*, 513 U.S. 298, 318-321 (1995).[5] The standard of proof governing the actual innocence exception is high. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, __U.S.__, 126 S.Ct. 2064, 2076-77 (2006) (quoting *Schlup*, 513 U.S. at 324). Such evidence typically consists of "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup*, 513 U.S. at 324. Actual innocence has been recognized by the Tenth Circuit as equitable grounds for not applying the AEDPA period of limitation. *Miller v. Marr*, 141 F.3d at 978. *See also O'Boyle v. Ortiz*, No. 06-1214, 2007 WL 2083743 (10th Cir. July 23, 2007) (unpublished) (applying *Schlup* standard of proof to actual innocence claim asserted as a basis for equitably tolling the § 2244(d)(1) limitations period); *Reynolds v. Hines*, No. 02-7043, 2003 WL 170678 (10th Cir. Jan. 27, 2003) (unpublished) (same); *Whitebird v. Snider*, No. 01-6107, 2001 WL 1345095 (10th Cir. Nov. 1, 2001) (unpublished) (same).

Petitioner offers no new evidence beyond his own conclusory statements to support his actual innocence claim. As a basis for habeas relief, Petitioner argues that his counsel was ineffective because he failed to prevent the destruction of evidence–specifically, the vehicle driven and occupied by the victims and the blood

---

[5] Under the procedural default doctrine, federal courts refuse to review the merits of procedurally-defaulted claims except in limited circumstances in which the petitioner can show cause for the default and resulting prejudice. *See Murray v. Carrier*, 477 U.S. 478 (1986).

sample taken from Petitioner. However, Petitioner asserts only that the vehicle could have been examined by an expert, that such examination could have provided evidence that the victims were "partially at fault," and that counsel's failure to seek such examination "may have had direct relation to the sentence given to the petitioner." Petition at first unnumbered page following p. 5. With respect to the blood sample, Petitioner claims only that the evidence was "exculpatory" and that because it was destroyed, he was denied the ability to present "a favorable defense." Petition at first and second unnumbered pages following p. 5. Petitioner's conclusory and unsupported claim of actual innocence, "especially in light of his plea[s] of guilty in open court, is insufficient to entitle him to equitable tolling." *Loving v. Mahaffey*, No. 01-7063, 2001 WL 1564057 (10th Cir. Dec. 10, 2001) (unpublished) (citing *Schlup*, 513 U.S. at 324). Because Petitioner's claim of actual innocence is vague, conclusory and fails to identify evidence that conclusively demonstrates his innocence, as enumerated by the Supreme Court in *Schlup*, the undersigned finds that Petitioner has failed to show the possibility of a fundamental miscarriage of justice that could excuse the untimely filing of his petition. *Miller*, 141 F.3d at 978. The undersigned therefore finds that Petitioner has failed to identify any extraordinary circumstances which impeded the timely assertion of his claims.

Additionally, although Petitioner claims to have diligently pursued his federal claims, the record demonstrates otherwise. Petitioner was convicted and sentenced on June 6, 2002, following his pleas of guilty. He acknowledges that he first attempted to withdraw his pleas or otherwise challenge his convictions by filing an application for

post-conviction relief on November 2, 2006, over four years after his convictions and over three years after the expiration of the limitation period for filing his federal habeas action under the AEDPA. On May 9, 2007, the OCCA affirmed the trial court's denial of this application, and Petitioner filed this habeas action on June 28, 2007. Petitioner offers no explanation for the lengthy delay in initiating his challenge, and he wholly fails to explain or support his conclusory assertion of diligence. Because Petitioner has not shown actual innocence or due diligence, the statute of limitations should not be equitably extended beyond the expiration date.

Because Petitioner is not entitled to statutory or equitable tolling, the limitation period for filing this habeas action expired on June 16, 2003, and his petition filed on June 28, 2007, was untimely.

## RECOMMENDATION

For these reasons, the undersigned recommends that the petition for a writ of habeas corpus be dismissed on filing as untimely pursuant to 28 U.S.C. § 2244(d). In light of this recommendation, it is further recommended that Petitioner's "Motion for Reverse and Remand with Instructions to Dismiss" [Doc. No. 5] be denied. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 9th, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F. 2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the

undersigned Magistrate Judge in this matter.

ENTERED this __19__ day of September, 2007.

_____
BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE