IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFF MARICLE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. CIV-07-717-HE |
| ) | |
| BRUCE HOWARD, Warden, ) | |
| ) | |
| Respondent. ) | |

## ORDER

Petitioner Jeff Maricle, a state prisoner appearing pro se, instituted this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. The petitioner pleaded guilty to two counts of first degree manslaughter and was sentenced to forty-five years in prison on each count, with all but twenty years suspended and with the sentences to run concurrently. The charges arose out of an automobile accident in which two individuals were killed.

Consistent with 28 U.S.C. § 636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who has recommended that the petition be dismissed as untimely. The magistrate judge concluded that statutory tolling was not available and that the petitioner had failed to demonstrate that the one-year limitations period should be equitably tolled.

The petitioner has objected to the Report and Recommendation, asserting that he is entitled to equitable tolling because he is actually innocent of the crimes of which he was

convicted. He claims that he cannot present new evidence to support his innocence because, as he asserts in his petition, the exculpatory evidence was destroyed.

The petitioner alleges in his petition that his counsel was ineffective because he failed, despite the petitioner's request, to retain an expert to examine the victims' vehicle and accident scene. He asserts that the vehicle driven by the victims' family was sold before the case was resolved. He also alleges that his "counsel failed to preserve a 'blood' sample from the incident, which denied the petitioner from being able to present a favorable defense." Petition, p. 6.[1]

Having conducted a de novo review, the court concurs with Magistrate Judge Roberts that the statutory year to file has expired with respect to the petitioner's claims, see 28 U.S.C. § 2244(d)(1)(A), and that, in the circumstances of this case, the limitations period is not subject to statutory or equitable tolling. The petition did not make "a showing of actual innocence sufficient to justify equitable tolling." Foldenaur v. Franklin, 2008 WL 142788, at *2 (10th Cir. January 15, 2008) (unpublished).[2] "The actual innocence exception requires supporting 'allegations of constitutional error with new reliable evidence ... that was not presented at trial' that is sufficient to 'show that it is more likely than not that no reasonable juror would have convicted [the petitioner] in

---

[1] *In Ground Two of the petition, the petitioner alleges that the blood sample was destroyed in accordance with state law within 61 days, before he was charged.*

[2] *Foldenaur and any other unpublished decisions cited in this order are cited for persuasive value only under 10th Cir. R.32.1.*

light of the new evidence.'" *Id.* (quoting Schlup v. Delo, 513 U.S. 298, 324, 327 (1995)).

The petitioner here "confuses theoretical innocence with actual innocence." O'Boyle v. Ortiz, 242 Fed.Appx. 529, 531, 2007 WL 2083743, at *2 (10th Cir. July 23, 2007) (unpublished). "Most of [the petitioner's] 'new' evidence is really speculation about what might [have been] shown if certain tests [had been] performed on physical evidence in the case." *Id.* In addition, the petitioner failed to diligently pursue his claims. Gutianez v. Parker, 237 Fed.Appx. 349, 352 2007 WL 1696879, at *3 (10th Cir. June 13, 2007) ("To equitably toll the AEDPA statute of limitations, however, claims of actual innocence must be diligently pursued."), *petition for cert. filed,* (U.S. September 4, 2007) (No. 07-8230) (unpublished)

Accordingly, the court adopts Magistrate Judge Robert's Report and Recommendation and **dismisses** the petition for writ of habeas corpus as being untimely.

**IT IS SO ORDERED.**

Dated this 1st day of Feb., 2008.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE